UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MAURICE DAYTON YOUNG,           )
                                )
        Plaintiff                )
                                )
v.                              )       No. 2:14-cv-442-NT
                                )
DAMARISCOTTA BANK & TRUST,      )
                                )
        Defendant                )


## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DISMISSAL OF THE CASE IN ITS ENTIRETY

On October 31, 2014, when he filed the complaint alleging wrongful transfer of funds in this action, the *pro se* plaintiff also filed an application for leave to proceed *in forma pauperis*. ECF No. 4. I grant the plaintiff's request for leave to proceed *in forma pauperis*, but also recommend that the court dismiss the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). However, section 1915(e)(2)(B) also provides, in relevant part:

> [T]he court shall dismiss the case at any time if the court determines that
>    (B) the action or appeal --
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The plaintiff's application reports monthly disability income of $710 and ownership of a two-acre lot valued at $1,800. Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 4) at [1]-[2]. It does not provide the amount of monthly expenses, despite the

1

form's explicit request for such information, but indicates that a "payee [sic]" provides 'my lights[,] heat[,] food[, and] transportation[.]" *Id*. at [2]. I grant the application.

The complaint alleges that the defendant bank, located in Warren, Maine, wrongfully "closed down my three CD's accounts[] to a Shirley Allen on ex[]pired power of [a]ttorney [s]tatus" and that the accounts "were roughly worth $18,000.00 [a]t the time they were closed down." Pro Se Civil Complaint (ECF No. 1) at [2]. The jurisdictional allegation is the following: "State [c]ourts were not cap[]able to provide forms to me where funds stolen exceed over six thousand dollars." *Id*. at 4.

The federal courts are courts of limited jurisdiction. They do not have jurisdiction to resolve disputes between residents of the same state in the absence of an allegation of violation of federal law or deprivation of federal constitutional rights, neither of which is present in this complaint. Without a federal claim, there is no federal court jurisdiction under 28 U.S.C. § 1331, the jurisdictional provision for federal claims. The only other possible basis for federal court jurisdiction over this case is found in 28 U.S.C. § 1332(a)(1), which provides that federal courts have jurisdiction over state-law claims, such as the claim of conversion set out in the complaint in this case, only when the controversy is between citizens of different states. *See also Azubuko v. First National Bank of Boston*, 92 F.3d 1169 (Table), 1996 WL 457182, at *1 (1st Cir. 1996). In addition, the amount of the claim in such cases must exceed $75,000, well beyond the $18,000 at issue in this complaint. 28 U.S.C. § 1332(a).

This lack of subject-matter jurisdiction, for purposes of section 1915(e), amounts to a failure to state a claim upon which relief may be granted. *See, e.g., Dupont v. Maine Labor Relations Bd.*, No. 1:13-cv-306-DBH, 2013 WL 4736231, at *1 (D. Me. Sept. 3, 2013). The

complaint should be dismissed without prejudice on this basis.  *See, e.g., Dalton v. Reid*, No. 2:11-cv-00305-GZS, 2011 WL 4005931, at *1 (D. Me. Sept. 7, 2011).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objections shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 2nd day of February, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge